UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| | § |
| v. | § CASE NO. 4:22-CR-81-54 |
| | § |
| SILVESTRE ALVAREZ JR (54), | § |
| Defendant. | § |

## PLEA AGREEMENT

The United States of America, by and through Nicholas J. Ganjei, United States Attorney for the Southern District of Texas, and Christine J. Lu, Sherin S. Daniel, and Leo J. Leo, III, Assistant United States Attorneys, and the defendant, Silvestre Alvarez, Jr. ("Defendant"), and Defendant's counsel, Anthony Troiani, pursuant to Rule 11(c)(1)(A) and (B) of the Federal Rules of Criminal Procedure, state that they have entered into an agreement, the terms and conditions of which are as follows:

### Defendant's Agreement

1. Defendant agrees to plead guilty to Count 1 of the Information. Count 1 charges Defendant with Laundering of Monetary Instruments, in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i) and 2. Defendant, by entering this plea, agrees that he is waiving any right to have the facts that the law makes essential to the punishment either charged in the Information, or proved to a jury or proven beyond a reasonable doubt.

### Punishment Range

2. The **statutory** maximum penalty for each violation of Title 18, United States Code, Section 1956(a)(1)(A)(i) is imprisonment of not more than 20 years and a fine of not more than $500,000 or twice the value of the monetary instrument or funds transported, transmitted, or transferred. Additionally, Defendant may receive a term of supervised release after imprisonment

of not more than three years. *See* Title 18, United States Code, sections 3559(a) and 3583(b)(2). Defendant acknowledges and understands that if he should violate the conditions of any period of supervised release which may be imposed as part of his sentence, then Defendant may be imprisoned for up to two years, without credit for time already served on the term of supervised release prior to such violation. *See* Title 18, United Stated Code, sections 3559(a) and 3583(e)(3). Defendant understands that he cannot have the imposition or execution of the sentence suspended, nor is he eligible for parole.

## Mandatory Special Assessment

3. Pursuant to Title 18, United States Code, section 3013(a)(2)(A), immediately after sentencing, Defendant will pay to the Clerk of the United States District Court a special assessment in the amount of one hundred dollars ($100.00) per count of conviction. The payment will be by cashier's check or money order, payable to the Clerk of the United States District Court, c/o District Clerk's Office, P.O. Box 61010, Houston, Texas 77208, Attention: Finance.

## Immigration Consequences

4. Defendant recognizes that pleading guilty may have consequences with respect to his immigration status. Defendant understands that if he is not a citizen of the United States, by pleading guilty he may be removed from the United States, denied citizenship, and denied admission to the United States in the future. Defendant understands that if he is a naturalized United States citizen, pleading guilty may result in immigration consequences, such as denaturalization and potential deportation or removal from the United States. Defendant's attorney has advised Defendant of the potential immigration consequences resulting from Defendant's plea of guilty, and Defendant affirms that he wants to plead guilty regardless of any immigration consequences that may result from the guilty plea and conviction.

## Cooperation

5. The parties understand this agreement carries the potential for a motion for departure under Section 5K1.1 of the Sentencing Guidelines. Defendant understands and agrees that whether such a motion is filed will be determined solely by the United States through the United States Attorney for the Southern District of Texas. Should Defendant's cooperation, in the sole judgment and discretion of the United States, amount to "substantial assistance," the United States reserves the sole right to file a motion for departure pursuant to Section 5K1.1 of the United States Sentencing Guidelines. Defendant further agrees to persist in that plea through sentencing, fully cooperate with the United States, not oppose the forfeiture of assets contemplated in paragraph 22 of this agreement. Defendant understands and agrees that the United States will request that sentencing be deferred until that cooperation is complete.

6. Defendant understands and agrees that "fully cooperate," as that term is used herein, includes providing all information relating to any criminal activity known to Defendant, including but not limited to narcotics trafficking. Defendant understands that such information includes both state and federal offenses arising therefrom. In that regard:

> (a) Defendant agrees that this plea agreement binds only the United States Attorney for the Southern District of Texas and Defendant; it does not bind any other United States Attorney or any other unit of the Department of Justice;
>
> (b) Defendant agrees to testify truthfully as a witness before a grand jury or in any other judicial or administrative proceeding when called upon to do so by the United States. Defendant further agrees to waive his Fifth Amendment privilege against self-incrimination for the purpose of this agreement;
>
> (c) Defendant agrees to voluntarily attend any interviews and conferences as the United States may request;
>
> (d) Defendant agrees to provide truthful, complete and accurate information and testimony and understands any false statements made by the defendant

3

to the Grand Jury or at any court proceeding (criminal or civil), or to a government agent or attorney, can and will be prosecuted under the appropriate perjury, false statement, or obstruction statutes;

(e) Defendant agrees to provide to the United States all documents in his possession or under his control relating to all areas of inquiry and investigation; and

(f) Should the recommended departure, if any, not meet Defendant's expectations, the Defendant understands that he remains bound by the terms of this agreement and cannot, for that reason alone, withdraw his plea.

## Waiver of Appeal and Collateral Review

7.      Defendant is aware that Title 28, United States Code, Section 1291, and Title 18, United States Code, Section 3742, afford a defendant the right to appeal the conviction and sentence imposed. Defendant is also aware that Title 28, United States Code, Section 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the judgment of conviction and sentence has become final. Defendant knowingly and voluntarily waives the right to appeal or "collaterally attack" the conviction and sentence, except that Defendant does not waive the right to raise a claim of ineffective assistance of counsel on direct appeal, if otherwise permitted, or on collateral review in a motion under Title 28, United States Code, Section 2255. In the event Defendant files a notice of appeal following the imposition of the sentence or later collaterally attacks his conviction or sentence, the United States will assert its rights under this agreement and seek specific performance of these waivers.

8.      Defendant also agrees that should the conviction following the defendant's plea of guilty pursuant to this Agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this agreement (including any counts that the United States has agreed to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against the defendant, notwithstanding the

4

expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

9. In agreeing to these waivers, Defendant is aware that a sentence has not yet been determined by the Court. Defendant is also aware that any estimate of the possible sentencing range under the sentencing guidelines that he/she may have received from his/her counsel, the United States or the Probation Office, is a prediction and not a promise, did not induce his/her guilty plea, and is not binding on the United States, the Probation Office or the Court. The United States does not make any promise or representation concerning what sentence the defendant will receive. Defendant further understands and agrees that the United States Sentencing Guidelines are "effectively advisory" to the Court. *See United States v. Booker*, 543 U.S. 220 (2005). Accordingly, Defendant understands that, although the Court must consult the Sentencing Guidelines and must take them into account when sentencing Defendant, the Court is not bound to follow the Sentencing Guidelines nor sentence Defendant within the calculated guideline range.

10. Defendant understands and agrees that each and all waivers contained in the Agreement are made in exchange for the concessions made by the United States in this plea agreement.

### The United States' Agreements

11. The United States agrees to each of the following:

(a) If Defendant pleads guilty to Count One of the Criminal Information and persists in that plea through sentencing, and if the Court accepts this Plea Agreement, the United States will move to dismiss the Indictment against Defendant at the time of sentencing. The defendant agrees that with respect to any and all dismissed charges he is not a 'prevailing party within the meaning

of the 'Hyde Amendment,' Section 617, P.L. 105-119 (Nov. 26, 1997), and will not file any claim under that law;

(b) At the time of sentencing, the United States agrees not to oppose Defendant's anticipated request to the Court and the United States Probation Office that he receive a two-level downward adjustment under Section 3E1.1(a) of the Sentencing Guidelines should Defendant accept responsibility as contemplated by the Sentencing Guidelines;

(c) If the Court determines that Defendant qualifies for an adjustment under section 3E1.1(a) of the United States Sentencing Guidelines, and the offense level prior to operation of section 3E1.1(a) is 16 or greater, the United States will move under section 3E1.1(b) for an additional one-level reduction because Defendant timely notified authorities of his or her intent to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the United States and the Court to allocate their resources more efficiently.

(d) The United States agrees to recommend a sentence at the low end of the Court's calculated Sentence Guideline range; and

(e) Should the defendant's cooperation, in the sole judgment and discretion of the United States, amount to "substantial assistance," the United States reserves the sole right to file a motion for departure pursuant to Section 5K1.1 of the Sentencing Guidelines and Policy Statement and Section 3553(e) of Title 18.

### Agreement Binding - Southern District of Texas Only

12. The United States Attorney's Office for the Southern District of Texas agrees that it will not further criminally prosecute Defendant in the Southern District of Texas for offenses arising from conduct charged in the Information. This plea agreement binds only the United States Attorney's Office for the Southern District of Texas and Defendant. It does not bind any other United States Attorney's Office. The United States Attorney's Office for the Southern District of Texas will bring this plea agreement and the full extent of Defendant's cooperation to the attention of other prosecuting offices, if requested.

### United States' Non-Waiver of Appeal

13. The United States reserves the right to carry out its responsibilities under guidelines sentencing. Specifically, the United States reserves the right:

(a) to bring its version of the facts of this case, including its evidence file and any investigative files, to the attention of the Probation Office in connection with that office's preparation of a presentence report;

(b) to set forth or dispute sentencing factors or facts material to sentencing;

(c) to seek resolution of such factors or facts in conference with Defendant's counsel and the Probation Office;

(d) to file a pleading relating to these issues, in accordance with section 6A1.2 of the United States Sentencing Guidelines and Title 18, United States Code, section 3553(a); and

(e) to appeal the sentence imposed or the manner in which it was determined.

### Sentence Determination

14. Defendant is aware that the sentence will be imposed after consideration of the United States Sentencing Guidelines and Policy Statements, which are only advisory, as well as the provisions of Title 18, United States Code, Section 3553(a). Defendant nonetheless acknowledges and agrees that the Court has authority to impose any sentence up to and including the statutory maximum set for the offense(s) to which Defendant pleads guilty, and that the sentence to be imposed is within the sole discretion of the sentencing judge after the Court has consulted the applicable Sentencing Guidelines. Defendant understands and agrees that the parties' positions regarding the application of the Sentencing Guidelines do not bind the Court and that the sentence imposed is within the discretion of the sentencing judge. If the Court should impose any sentence up to the maximum established by statute, or should the Court order any or all of the sentences imposed to run consecutively, Defendant cannot, for that reason alone, withdraw a guilty plea, and will remain bound to fulfill all of the obligations under this plea agreement.

## Rights at Trial

15. Defendant understands that by entering into this agreement, he surrenders certain rights as provided in this plea agreement. Defendant understands that the rights of a defendant include the following:

> (a) If Defendant persisted in a plea of not guilty to the charges, defendant would have the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States, and the court all agree.

> (b) At a trial, the United States would be required to present witnesses and other evidence against Defendant. Defendant would have the opportunity to confront those witnesses and his attorney would be allowed to cross-examine them. In turn, Defendant could, but would not be required to, present witnesses and other evidence on his own behalf. If the witnesses for Defendant would not appear voluntarily, he could require their attendance through the subpoena power of the court; and

> (c) At a trial, Defendant could rely on a privilege against self-incrimination and decline to testify, and no inference of guilt could be drawn from such refusal to testify. However, if Defendant desired to do so, he could testify on his own behalf.

## Factual Basis for Guilty Plea

16. Defendant is pleading guilty because he is in fact guilty of the charges contained in Count 1 of the Information. If this case were to proceed to trial, the United States could prove each element of the offense beyond a reasonable doubt. The following facts, among others would be offered to establish Defendant's guilt:

a. On June 23, 2021, Co-Defendant Jorge Gonzalez (hereinafter Gonzalez, No. 33) negotiated the purchase of illegal controlled substances for Co-Defendant Derick Jackson (hereinafter Jackson, No.42) and Larry Ford. That same day, Jackson and Ford travelled from Mobile, Alabama to Houston, Texas and met with an unknown male who delivered the illegal

controlled substances in exchange for $105,000. $90,000 was used to pay for the illegal controlled substances and the remaining $15,000 was used to pay down a prior drug debt of $49,500.

    b.    On July 15, 2021, Mexico-based drug trafficker "El Perro" instructed Gonzalez to collect on the remaining debt that was owed by Jackson. Gonzalez contacted Co-Defendant Raul Ruiz-Trevino (hereinafter Ruiz Senior, No. 52) to arrange the collection, and Ruiz Senior sent his son, Co-Defendant Raul Ruiz III (hereinafter, Ruiz III), and Defendant Silvestre Alvarez, Jr. to collect the illegal drug proceeds.

    c.    Ruiz Senior had instructed Defendant and Ruiz III to hide the money collected in a large ice chest under seafood so that if stopped, law enforcement would be unlikely to search the chest. Ruiz Senior even coordinated with Jackson to have the seafood ready for Defendant and Ruiz III when they arrived to pick up the money. At the direction of Ruiz Senior, Defendant and Ruiz III travelled from Rio Grande City, Texas to Mobile, Alabama and met with Jackson. There, they obtained $20,000 in unlawful drug proceeds, which was partial payment for a drug debt that was owed by Jackson.

    d.    On July 16, 2021, Defendant and Ruiz III departed Mobile, Alabama to transport the unlawful drug proceeds back to Ruiz Senior and Gonzalez. South Mississippi Metro Enforcement Team officers stopped Defendant and Ruiz III on Interstate-10 near mile marker 53 in Jackson County, Mississippi. Officers located and seized the $20,000 in United States currency, which was wrapped in plastic film and hidden in a large chest under filleted fish and ice.

    e.    Defendant's involvement in this case was the financial transaction involving proceeds of specified unlawful activity totaling $20,000. This was property that was used to conduct and facilitate distribution of controlled substances. Defendant was transporting the money

with the intent to promote the carrying on of a specified unlawful activity, namely, distribution of a controlled substance.

## Breach of Plea Agreement

17. If Defendant should fail in any way to fulfill completely all of the obligations under this plea agreement, the United States will be released from its obligations under the plea agreement, and Defendant's plea and sentence will stand. If at any time Defendant retains, conceals, or disposes of assets in violation of this plea agreement, or if Defendant knowingly withholds evidence or is otherwise not completely truthful with the United States, then the United States may move the Court to set aside the guilty plea and reinstate prosecution. Any information and documents that have been disclosed by Defendant, whether prior to or subsequent to this plea agreement, and all leads derived therefrom, will be used against defendant in any prosecution.

## Monetary Penalties, Assets and Financial Disclosures

18. Defendant understands and agrees that monetary penalties will be subject to immediate enforcement as provided in 18 U.S.C. § 3613 and that monetary penalties will be submitted to the Treasury Offset Program so that payments to the Defendant may be applied to federal debts.

19. Defendant understands that restitution, forfeiture, and fines are separate components of sentencing and are separate obligations. Defendant agrees to take all steps necessary to pass clear title to forfeitable assets to the United States and to assist fully in the collection of restitution and fines. Subject to the provisions of paragraph 7 above, Defendant waives the right to challenge in any manner, including by direct appeal or in a collateral proceeding, any restitution order, any forfeiture orders, and any fines.

## Restitution

20.     Defendant agrees to pay full restitution to the victim(s) regardless of the count(s) of conviction. Defendant stipulates and agrees that as a result of his criminal conduct, the victim(s) incurred a monetary loss of at least $0. Defendant agrees to pay full restitution as determined by the Court, regardless of the resulting loss amount, to all victims harmed by Defendant's "relevant conduct," as defined by U.S.S.G. §1B1.3, including conduct pertaining to any dismissed counts or uncharged conduct, and regardless of whether such conduct constitutes an "offense" under 18 U.S.C. §§ 2259, 3663 or 3663A. Defendant agrees that restitution imposed by the Court will be due and payable immediately and that should the Court impose a payment schedule, the payment schedule sets forth minimum payments and does not foreclose additional collection of restitution.

## Forfeiture

21.     As part of this plea agreement, Defendant agrees to the following:

(a) to forfeit, via either an administrative or judicial proceeding, all assets listed in the charging document (including any Supplemental Notice of Forfeiture), and to forfeit or abandon any assets seized during this investigation or a related investigation;

(b) to withdraw any claims and petitions for such listed or seized assets, whether in this proceeding or another proceeding, and to waive notice of administrative proceedings (including forfeiture, destruction, and abandonment for seized property);

(c) that Defendant obtained at least $0 from the criminal offenses, that the factual basis for the guilty plea supports the imposition of a money judgment in that amount, and that the Defendant agrees to the imposition of a money judgment in that amount;

(d) that one or more of the conditions set forth in 21 U.S.C. § 853(p) exists, so that the forfeiture money judgment may be immediately satisfied via forfeiture of substitute property; and

(e) to the order of forfeiture becoming final as to Defendant immediately following this guilty plea or immediately following entry of the forfeiture order, whichever applies.

## Financial Statement

22.     Defendant agrees to truthfully complete under penalty of perjury, within thirty days

of the execution of this Plea Agreement, a financial statement on a form provided by the United States Attorney's Office and to update the statement within seven days of any material change. Defendant also agrees to make full disclosure to the United States Probation Office of all current and anticipated assets in which Defendant has an interest both before sentencing and again before termination of supervised release or probation, with such disclosures to be shared with the United States Attorney's Office.

23. Defendant further agrees not to dispose or transfer any assets without the prior written permission of the United States and to authorize the release of all financial information requested by the United States, including, but not limited to, credit histories and tax returns. Defendant agrees to discuss and answer any questions by the United States relating to Defendant's financial disclosure, including in a deposition or informal debtor exam, whether before or after sentencing.

## Complete Agreement

24. This written plea agreement, consisting of 14 pages, including the attached addendum of Defendant and his attorney, constitutes the complete plea agreement between the United States, Defendant, and Defendant's counsel. Other than any written proffer agreement(s) that may have been entered into between the United States and Defendant, this agreement supersedes any prior understandings, promises, agreements, or conditions between the United States and Defendant. No additional understandings, promises, agreements, or conditions have been entered into other than those set forth in this agreement, and none will be entered into unless in writing and signed by all parties. Defendant acknowledges that no threats have been made against him and that he is pleading guilty freely and voluntarily because he is guilty.

25. Any modification of this plea agreement must be in writing and signed by all parties.

Filed at _Houston_, Texas, on _March 28_, 2025.

_____
Silvestre Alvarez, Jr.
Defendant

Subscribed and sworn to before me on _March 28_, 2025.

NATHAN OCHSNER, Clerk
UNITED STATES DISTRICT CLERK

By: _____
Deputy United States District Clerk

APPROVED:
Nicholas J. Ganjei,
United States Attorney
Southern District of Texas

By: _____
Christine J. Lu
Sherin Daniel
Leo J. Leo, III
Assistant United States Attorneys
Southern District of Texas
Telephone: 713-567-9369

_____
Anthony Troiani
Attorney for Defendant

13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § <br> § <br> v. § <br> § <br> SILVESTRE ALVAREZ JR (54), § <br> Defendant. § | CASE NO. 4:22-CR-81-54 |

## PLEA AGREEMENT -- ADDENDUM

I have fully explained to Defendant his rights with respect to the pending Information. I have reviewed the provisions of the United States Sentencing Commission's Guidelines Manual and Policy Statements and I have fully and carefully explained to Defendant the provisions of those Guidelines, which may apply in this case. I have also explained to Defendant that the Sentencing Guidelines are only advisory, and the court may sentence Defendant up to the maximum allowed by statute per count of conviction. Further, I have carefully reviewed every part of this plea agreement with Defendant. To my knowledge, Defendant's decision to enter into this agreement is an informed and voluntary one.

_____       3/28/2025
Anthony Troiani                                           Date
Attorney for Defendant

I have consulted with my attorney and fully understand all my rights with respect to the Information pending against me. My attorney has fully explained, and I understand, all my rights with respect to the provisions of the United States Sentencing Commission's Guidelines Manual, which may apply in my case. I have read and carefully reviewed every part of this plea agreement with my attorney. I understand this agreement and I voluntarily agree to its terms.

_____       3/28/25
Silvestre Alvarez, Jr.                                     Date
Defendant